UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| SHANNON JONES and<br>MARK HUCKLEBERRY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-cv-22 |
| | ) | |
| THE KAPLAN TRUCKING COMPANY, | ) | |
| ZACHARY JENKINS, as Administrator | ) | |
| of the Estate of Ricky D. Jenkins, | ) | |
| PRIME CONTRACT CARRIER, INC., | ) | |
| VIP CAR CORP., and | ) | |
| JERZY SKOWRONEK, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the court on the Motion for Leave to Amend Answer [DE 66] filed

by the defendants, Prime Contract Carrier, Inc., VIP Car Corp., and Jerzy Skowronek, on

September 12, 2019.  For the following reasons, the motion is **DENIED.**

*Background*

The plaintiffs, Shannon Jones and Mark Huckleberry, initiated this matter against the

defendants on March 6, 2017.  The plaintiffs' complaint stems from a motor vehicle collision

that occurred on Interstate 65 on March 10, 2015.  The court scheduled a Rule 16 Preliminary

Pretrial Conference for June 2, 2017.  At the Rule 16 conference, the court set May 30, 2018 as

the last date for the defendants to seek permission to amend the pleadings.  The parties have filed

multiple joint motions throughout discovery requesting the court to modify certain case

management deadlines.  On April 30, 2019, the court granted the parties' joint motion and

extended the last date for the defendants to amend their pleadings to September 10, 2019.  On

September 10, 2019, the defendants filed a motion seeking leave to amend their answer. However, the court denied the motion without prejudice because the defendants failed to attach the signed proposed amendment to the motion in compliance with N.D. Ind. L.R. 15-1(a).

On September 12, 2019, the defendants filed the instant motion seeking leave to amend their answer to name additional non-party defendants. The defendants asserted the non-party defense and named two non-party defendants in their original answer filed on April 27, 2017. However, since the filing of their original answer, the defendants have indicated that an additional police report was discovered. The police report identifies additional drivers who were involved in the accident. The plaintiffs filed a response in opposition on September 26, 2019, and the defendants filed a reply on October 3, 2019.

*Discussion*

**Federal Rule of Civil Procedure 15(a)** provides that a party may amend the party's pleading only by leave of court or by written consent of the adverse party and that leave shall be freely given when justice so requires. Because pleadings merely serve to put the opposing side on notice, they should be amended freely as the case develops, as long as amendments do not unfairly surprise or prejudice the opposing party. **Rule 15(a);** *Jackson v. Rockford Housing Authority*, 213 F.3d 389, 390 (7th Cir. 2000). The decision to deny leave to amend a pleading is an abuse of discretion only if no reasonable person could agree with the decision. *Winters v. FruCon, Inc*., 498 F.3d 734, 741 (7th Cir. 2007) (quoting *Butts v. Aurora Health Care, Inc*., 387 F.3d 921, 925 (7th Cir. 2004)); *Ajayi v. Aramark Business Services*, 336 F.3d 520, 530 (7th Cir. 2003).

Leave to amend properly may be denied at the district court's discretion for "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

2

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962); *Gandhi v. Sitara Capital Management*, 721 F.3d 865, 868-869 (7th Cir. 2013).

Under the Comparative Fault Act, a defendant "in an action based on fault . . . may assert as a defense that the damages of the claimant were caused in full or in part by a nonparty." **Ind. Code § 34-51-2-14.** For the purposes of the Act, "nonparty" is defined as "a person who caused or contributed to cause the alleged injury, death, or damage to property but who has not been joined in the action as a defendant." **Ind. Code § 34-6-2-88.**

The Comparative Fault Act contains multiple limitations on how and when a defendant may assert a nonparty defense. Under **Ind. Code § 34-51-2-16**, a "nonparty defense that is known by the defendant when the defendant files the defendant's first answer shall be pleaded as a part of the first answer." But where a defendant "gains actual knowledge of a nonparty defense after the filing of an answer," that defendant "may plead the defense with reasonable promptness." **Ind. Code § 34-51-2-16.** However, if the defendant was served with a complaint and summons more than one hundred fifty (150) days before the expiration of the limitation of action applicable to the claimant's claim against the nonparty, the defendant shall plead any nonparty defense not later than forty-five (45) days before the expiration of that limitation of action. **Ind. Code § 34-51-2-16.** Given that the plaintiffs filed this matter only four days prior to the expiration of the applicable statute of limitations, the defendants need only plead the nonparty defense with "reasonable promptness." *See **HMBI, Inc. v. Schwartz,*** 2007 WL 1189349 (N.D. Ind. 2007); *Kelly v. Bennett,* 792 N.E.2d 584, 586-87 (Ind. Ct. App. 2003).

The plaintiffs have argued that the defendants have not acted with "reasonable promptness" in seeking to add non-party defendants to their answer. However, the defendants contend that the instant motion is timely because it was filed within the court's deadline. The defendants assert that Rule 15(a)(2) has a very liberal standard. However, while the Rule 15 standard to amend the pleadings may be liberal, the court may deny amendments that are futile. ***Bethany Pharmacal Co., Inc. v. QVC, Inc.,*** 241 F.3d 854, 861 (7th Cir. 2001). Ultimately, if the defendants "cannot meet the requirements of the Indiana Comparative Fault Act, [they] cannot properly assert a nonparty defense and the amendment would be futile." ***Atkins v. Kroger Co.,*** 2013 WL 1319395, at *1 (S.D. Ind. 2013) (citing ***Bethany Pharmacal Co., Inc.,*** 241 F.3d at 861).

Moreover, the defendants also contend that they could not evaluate naming additional non-party defendants until all the depositions were completed in July of 2019. Finally, the defendants argue that the plaintiffs will not be prejudiced by the addition of the non-party defendants because the complaint was filed only four days before the statute of limitations expired. Accordingly, the persons named as non-party defendants in the defendants' initial answer, and those that the defendants seek to add as non-party defendants in the instant motion, could not be held liable to the plaintiffs. Thus, any claims the plaintiffs sought to bring against the non-party defendants were time-barred before the defendants' original answer was due.

The court must consider if the defendants acted with reasonable promptness in identifying the additional non-party defendants. A defendant's diligence in identifying non-parties is measured from the time it is served with the complaint. ***Kelly v. Bennett,*** 792 N.E.2d 584, 587 (Ind. Ct. App. 2003). From that point forward, a defendant is expected to investigate and take steps, through discovery or otherwise, to determine the existence of a non-party

defense. **Kelly,** 792 N.E.2d at 587. Thus, the defendant must act "reasonably promptly" from the date of service to raise the defense, and it is not enough to act "reasonably promptly" from the date of discovering the defense to bring a motion to add a nonparty defense. **Kelly,** 792 N.E.2d at 587; *see also* **Parker v. Rockies Express Pipeline, LLC,** 2012 WL 4481976 at *2 (S.D. Ind. 2012) (citing **Kelly,** 792 N.E.2d at 587, and **Custer v. Schumacher Racing Corp.,** 2007 WL 2902047 at *2 (S.D. Ind. 2007)) ("reasonable promptness" is measured within the time period between service of complaint and asserting the nonparty defense, and not the time period between learning of the defense and asserting it).

The defendants were served with the complaint in March of 2017, approximately 30 months before filing the instant motion. Moreover, the police report on this particular crash, which the defendants presumably had or could have obtained, stated that this crash was a secondary crash to crash number 201500078094. The report for crash number 20150008094 identified the non-parties the defendants now seek to add. The plaintiffs point out that these reports were public. Furthermore, the deposition of Jones occurred on September 27, 2018, nearly a year before the filing of the instant motion. The court finds that the defendants have not demonstrated that they exercised diligence in seeking to add the additional non-party defendants. Accordingly, the defendants may not amend their answer to add non-party defendants at this stage of the proceedings.

Based on the foregoing reasons, the Motion for Leave to Amend Answer [DE 66] is **DENIED.**

ENTERED this 24th day of October, 2019.

/s/ Andrew P. Rodovich
United States Magistrate Judge